UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DARYL WILLIAMS,

                    Petitioner,

      -against-

BUREAU OF PRISONS,

                    Respondent.

24-cv-00867 (JPC) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge**:

      Petitioner Daryl Williams ("Williams"), proceeding pro se, filed in the United States District Court for the District of Rhode Island (the "Original Court") a habeas corpus petition pursuant to 28 U.S.C. § 2241 challenging the decision to remand him from a halfway house back to a federal prison. (*See* ECF 1 at 1; ECF 10.) On February 6, 2024, this case was transferred sua sponte to this Court (*see* ECF 6). On February 23, 2024, Judge John P. Cronan referred this case to me for general pretrial purposes as well as dispositive motions. On March 7, 2024, I issued an Order To Show Cause ("OTSC") why this case should not be transferred back to the Original Court because it appeared that, at the time he submitted his habeas petition, Williams was confined in the Wyatt Detention Facility ("WDF") in Rhode Island. (*See* ECF 12.)

      In the response to the OTSC, counsel for the respondents confirmed that Williams was confined in the WDF at the time he submitted his petition.[1] However, after Williams filed his habeas corpus petition, he was transferred to and is presently confined in USP Lewisburg in the

---

[1] The WDF is a non-federal facility that contracts with the Federal Bureau of Prisons (BOP), which contract is managed by the New York Regional Reentry Office ("NYRRM"). (*See* ECF 14, Letter at 1.) Patrick McFarland, a BOP employee and the Manager of NYRRM, was the legal custodian for Williams at WDF. (*See id.*)

Middle District of Pennsylvania. (*See* ECF 14, Letter at 2.) Counsel for respondents consents to a transfer of venue to the Middle District of Pennsylvania and to the substitution of the warden of USP Lewisburg, Jessica Sage, as the respondent in this action. (*See id.*)

Under the "immediate custodian rule," the proper respondent to a habeas petition pursuant to Section 2241 is the individual with custody of the petitioner, and proper venue lies in the district where the petitioner is confined. *See United States v. Needham*, 460 F. Supp. 3d 323, 326 (S.D.N.Y. 2020). However, as Judge Richard J. Sullivan explained:

> The phrase "immediate custodian rule" is perhaps a misnomer in the context of this case – an accurate descriptor for the rule of decision would be the "immediate custodian at the time of filing" rule. The Supreme Court has explained that under the immediate custodian rule, the proper respondent is the warden of the facility where the detainee is held at the time he files his request for habeas relief. [*Rumsfeld v.*] *Padilla*, 542 U.S. [426,] 440-41 [(2004)]. Once a petition is filed, the government's decision to transfer a detainee has no effect on jurisdiction, which is retained by the district court that had jurisdiction over the proper respondent at the time of filing. *See id.*; *id.* at 458 (Stevens, J., dissenting); *see also Ayala-Heredia* [*v. Executive Office U.S Marshals*, No. 11-CV-1072 (RRM) (LB)] 2011 WL 3348226, at *1 n.3 [(E.D.N.Y. Aug. 2, 2011)]; *Tribble v. Killian*, 632 F.3d 358, 361 n.4 (S.D.N.Y. 2009) (collecting cases); *but see Gonzalez v. Grondolsky*, 152 F. Supp. 3d 39, 44-46 (D. Mass. 2016) (recognizing that a habeas petition may be moot when a prisoner is transferred outside of a jurisdiction and there is no respondent remaining in the jurisdiction with the power to release the petitioner).

*Golding v. Sessions*, No. 18-CV-3036 (RJS), 2018 WL 6444400, at *3 (S.D.N.Y. Dec. 6, 2018); *see also Berrettini v. Fed. Bureau of Prisons*, No. 09-CV-1505 (LTS) (KNF), 2009 WL 1974319, at *3 (S.D.N.Y. July 8, 2009) (recommending that a habeas case be transferred to the Middle District of Pennsylvania, where the pretrial services officers controlling the petitioner's bail conditions were located, and that the habeas petition be deemed amended to name as the respondent the individual in charge of pretrial services in the Middle District of Pennsylvania), *report and recommendation adopted,* 2010 WL 882900 (S.D.N.Y. Mar. 11, 2010).

The government may waive objections based on the immediate custodian rule. *See Skaftouros v. United States*, 667 F.3d 144, 146 n.1 (2d Cir. 2011). The government therefore may consent to substitution of a respondent different from the proper respondent under the immediate custodian rule; and the government may consent to a transfer to a venue different from the proper venue under the immediate custodian rule. Such consent may be appropriate where, as here, the petitioner was moved after filing the habeas petition to a different facility with a different warden in a different district. Such consent avoids the issue identified in *Gonzalez*, 152 F. Supp. 3d at 44-46, that a habeas petition may become moot when a prisoner is transferred outside a jurisdiction and no respondent within the jurisdiction can release the petitioner.

If Warden Jessica Sage is substituted for the existing respondents and this case is transferred to the Middle District of Pennsylvania, the case will be able to proceed in the district where Williams is now confined against his current custodian in the district where his current custodian is located. <u>Therefore, the Clerk of Court is respectfully directed to substitute Warden Jessica Sage, USP Lewisburg, for the existing respondents and to transfer this case to the United States District Court for the Middle District of Pennsylvania.</u>[2] This Order supersedes the provision of Rule 83.1 of the Local Rules for the Southern District of New York that requires a

---

[2]   I believe that this transfer of venue and substitution of respondents to be within the scope of my referral. Transfers of venue are considered non-dispositive. *See, e.g., Paulson v. Guardian Life Ins. Co. of Am.*, 614 F. Supp. 3d 1, 5 (S.D.N.Y. 2022); *United States ex rel. Fisher v. Bank of Am., N.A.*, 204 F. Supp. 3d 618, 620 (S.D.N.Y. 2016). The substitution of parties also is generally a non-dispositive matter within the scope of a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A). *See Grant v. Witherspoon*, No. 19-CV-2460 (PGG) (BCM), 2020 WL 71052, at *1 n.1 (S.D.N.Y. Jan. 3, 2020).

seven-day delay before the Clerk of Court may effectuate the transfer of a case to the transferee court.

Dated: March 20, 2024
       New York, NY

SO ORDERED.

_____

**ROBYN F. TARNOFSKY**
United States Magistrate Judge

4